The pathologist's stated cause of death was asphyxia by ligature strangulation by another. Based on the state of the victim's body at the time the paramedic first examined her, the paramedic's testimony regarding rigor mortis, and evidence that Podgurski had spent the previous night and the first part of that morning in Holyoke, a jury could rationally conclude that the victim was killed before Podgurski arrived home, i.e., at a time when only Pinney was with her. A jury also could rationally conclude, on the basis of the suspicious circumstances and Pinney's highly suspicious behavior in the aftermath of the killing-the location of the victim's lifeless, unclothed body on the floor of his locked bedroom; his falsely telling Podgurski, when asked the victim's whereabouts, that she had gotten angry and left; his locking the bedroom door as soon as he left the room, and then arming himself with a butcher knife before returning to unlock the door-that it was Pinney who killed her.
Because the evidence was legally sufficient to support a murder verdict against Pinney, retrying him will not violate his protection against double jeopardy. The single justice therefore did not err in denying relief pursuant to G. L. c. 211, § 3.
Judgment affirmed.